IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

|  |  |  |
|---|---|---|
| MARYLAND ELECTRICAL INDUSTRY HEALTH FUND, by its Trustee, William Yull 9411 Philadelphia Road, Suite S Baltimore, Maryland 21237 | * * * |  |
| and | * * |  |
| MARYLAND ELECTRICAL INDUSTRY PENSION FUND, by its Trustee, William Yull 9411 Philadelphia Road, Suite S Baltimore, Maryland 21237 | * * * |  |
| and | * * |  |
| MARYLAND ELECTRICAL INDUSTRY SEVERANCE & ANNUITY FUND, by its Trustee, William Yull 9411 Philadelphia Road, Suite S Baltimore, Maryland 21237 | * * * | Civil Action No. |
| and | * * |  |
| MARYLAND ELECTRICAL INDUSTRY JOINT APPRENTICESHIP AND TRAINING COMMITTEE, by its Trustee, Neil Wilford 2701 West Patapsco Street Baltimore, Maryland 21230 | * * * |  |
| and | * * |  |
| NATIONAL ELECTRICAL BENEFIT FUND, by its Trustee, John M. Grau 802 Cromwell Park Drive, Suite S Glen Burnie, Maryland 21061 | * * * |  |
| and | * |  |

NATIONAL LABOR MANAGEMENT                    *
COOPERATION COMMITTEE, by its
Local Agent for Collection, William Yull      *
802 Cromwell Park Drive, Suite S
Glen Burnie, Maryland 21061                    *

and                                            *

MARYLAND ELECTRICAL INDUSTRY    *
LABOR MANAGEMENT COOPERATION
COMMITTEE, by its Agent for Collection,        *
William Yull
802 Cromwell Park Drive, Suite S              *
Glen Burnie, Maryland 21061
                                               *
and                                            *

MARYLAND CHAPTER,
NATIONAL ELECTRICAL                            *
CONTRACTORS ASSOCIATION, INC.
802 Cromwell Park Drive, Suite S              *
Glen Burnie, Maryland 21061
                                               *
and                                            *

LOCAL UNION NO. 24,
INTERNATIONAL BROTHERHOOD OF    *
ELECTRICAL WORKERS, AFL-CIO,
2701 West Patapsco Avenue                      *
Baltimore, Maryland 21230
                                               *
     Plaintiffs,
                                               *
v.
                                               *

A/C POWER, INC.
12 N. Carey Street                             *
Baltimore, Maryland 21223
                                               *
Serve:  Kevin E. Cosby, Resident Agent
   343 Ahern Drive                        *
   Edgewood, Maryland 21040
                                               *
and                                            *

CA SUPPLY ENTERPRISES, LLC
6908 Eastern Avenue. Suite C          *
Baltimore, Maryland 21224
                                      *

Serve:  Bradley R. Stover
        836 South Main Street, Suite 102    *
        Bel Air, Maryland 21014
                                      *
        Defendants.
                                      *
*     *     *     *     *     *     *     *     *     *     *     *     *

## COMPLAINT FOR DECLARATORY JUDGMENT
## AND INJUNCTIVE RELIEF

### Jurisdiction

1.      This is an action for Declaratory Judgment, pursuant to 28 U.S.C. § 2201 for the purpose of determining questions of actual controversy between the parties as hereinafter appears, which questions relate to the terms of an employee benefit plan.

2.      The jurisdiction of this Court is based upon section 502(e) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(e) and section 301(a) of the Labor Management Relations Act, as amended ("LMRA"), 29 U.S.C. § 185(a).

### Parties

3.      Plaintiff Maryland Electrical Industry Health Fund ("Health Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a duly appointed and authorized Trustee of the Health Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Health Fund, which joint board of trustees is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

3

4.      Plaintiff Maryland Electrical Industry Pension Fund ("Pension Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a duly appointed and authorized Trustee of the Pension Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Pension Fund, which joint board of trustees is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

5.      Plaintiff Maryland Electrical Industry Severance and Annuity Fund ("Severance Fund") is an employee pension benefit plan as defined in section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  William Yull is a duly appointed and authorized Trustee of the Severance Fund, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Severance Fund, which joint board of trustees is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

6.      Plaintiff Maryland Electrical Industry Joint Apprenticeship and Training Committee ("Apprentice Fund") is an employee welfare benefit plan as defined in section 3(1) of ERISA, 29 U.S.C. § 1002(1), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  Neil Wilford is a duly appointed and authorized Trustee of the Apprentice Fund, a fiduciary within the meaning of section

3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the Apprentice Fund, which joint board of trustees is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

7.      Plaintiff National Electrical Benefit Fund ("NEBF") is an employee pension benefit plan within the meaning of section 3(2) of ERISA, 29 U.S.C. § 1002(2), and was established and is maintained by employers in an industry or activity affecting commerce and by an employee organization representing employees in an industry or activity affecting commerce, within the meaning of section 4(a) of ERISA, 29 U.S.C. § 1003(a).  John M. Grau is a duly appointed and authorized Trustee of the NEBF, a fiduciary within the meaning of section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a member of the joint board of trustees of the NEBF, which joint board of trustees is the plan sponsor of the Fund within the meaning of section 3(16)(B)(iii) of ERISA, 29 U.S.C. § 1002(16)(B)(iii).

8.      Plaintiff National Labor Management Cooperation Committee ("NLMCC"), is a management - labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9). William Yull is the appointed and authorized local agent for collection of the NLMCC.

9.      Plaintiff Maryland Electrical Industry Labor Management Cooperation Committee ("MEILMCC") is a management – labor association as defined by the Labor Management Cooperation Act of 1978, as amended, 29 U.S.C. § 175(a), pursuant to section 302(c)(9) of the LMRA, 29 U.S.C. § 186(c)(9).  William Yull is the appointed and authorized agent for collection of the MEILMCC.

10.      Plaintiff Maryland Chapter, National Electrical Contractors Association, Inc. ("NECA"), is an employer association incorporated under the laws of the State of Maryland.

11.      Plaintiff Local Union No. 24, International Brotherhood of Electrical Workers AFL-CIO ("Local 24") is an unincorporated labor organization that represents employees in the State of Maryland.  Local 24 is a labor organization, as defined in section 2(5) of the LMRA, 29

U.S.C. § 152(5), that represents employees in an industry affecting commerce within the meaning of sections 2(7) and 301(a) of the LMRA, 29 U.S.C. §§ 152(7), 185(a). Further, Local 24 is an employee organization, as defined in section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry or activity affecting commerce as defined in section 3(12) of ERISA, 29 U.S.C. § 1002(12).

12.     The Plaintiffs are hereinafter collectively referred to as the "Funds and related entities."

13.     Defendant A/C Power, Inc. ("A/C Power") is a corporation organized and existing under the laws of the State of Maryland, which employs persons in the State of Maryland, in the electrical trade. A/C Power is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7). Further, Defendant A/C Power is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

14.     Defendant CA Supply Enterprises, LLC ("CA Supply") is a limited liability corporation organized and existing under the laws of the State of Maryland, which employs persons in the State of Maryland. CA Supply is an employer, as defined in section 2(2) of the LMRA, 29 U.S.C. § 152(2), whose activities affect commerce within the meaning of section 2(7) of the LMRA, 29 U.S.C. § 152(7). Further, Defendant CA Supply is an employer as defined by section 3(5) of ERISA, 29 U.S.C. § 1002(5), in an industry or activity affecting commerce within the meaning of section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## Collective Bargaining Agreement

15.     At all times relevant to this action, A/C Power was signatory and subject to a collective bargaining agreement with Local 24.

16.     The collective bargaining agreement between A/C Power and Local 24 provides for the rates of pay, wages, hours of employment, and other conditions of employment for A/C Power employees covered by said agreement.  The Local 24 collective bargaining agreement specifically provides for the payment by A/C Power to the Health Fund, Pension Fund, Severance Fund, NLMCC and MEILMCC of specified sums for each hour worked by each of the employees of A/C Power covered by said agreement.  The collective bargaining agreement also provides for payment by A/C Power to the Apprentice Fund and NEBF of specified percentages of gross wages earned by each of the employees of A/C Power covered by said agreement.  All payments are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed to each Fund.

17.     The Local 24 collective bargaining agreement further provides for certain authorized deductions to be made from the wages of employees of A/C Power.  Specifically, in accordance with the collective bargaining agreement with Local 24, union dues are to be deducted from the wages of employees of A/C Power and are to be remitted to Local 24.   Remittances to Local 24 are to be made by the 15th day of the month following the month in which the hours were worked, and such remittances are to be accompanied by a remittance report showing the hours worked by each covered employee, the gross wages for such employees, and the amounts owed for such hours.

**Trust Agreements and Audit Policy**

18.     The collective bargaining agreement to which A/C Power is signatory expressly provides that the Employer (A/C Power) agrees to be bound to the applicable Agreements and Declarations of Trust.  At all times relevant to this action, A/C Power was bound and subject to the terms of the Agreements and Declarations of Trust establishing and governing the Funds and related entities, as from time to time amended and restated.

7

19.     The terms of the applicable Agreements and Declarations of Trust permit the Trustees of the Funds and related entities, through their independent auditor, to audit the payroll records of each contributing employer whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the trust.

20.     The Agreements and Declarations of Trust that govern the Funds provide that a contributing employer shall permit an audit of its payroll and business records, whenever requested by the Funds, at any reasonable time during the business hours of the employer.

21.     The Audit Policy of the Funds and related entities further provides that the Trustees have the discretion to audit a contributing employer at any time when the circumstances (such as, including, but not limited to: failure to file remittance reports; habitual delinquency in making contributions to the Funds; or departure [impending or otherwise] of the contributing employer from the geographical area of Local 24 dictates such action.

**History**

22.     The Trustees of the Funds directed their auditor to conduct a payroll audit of A/C Power's books and records in accordance with the Agreements and Declarations of Trust that govern the Funds and the Audit Policy of the Funds and Related Entities.

23.     A/C Power complied with the Funds and Related Entities' requests to submit to an audit of its payroll records and provided the Funds and Related Entities' auditor with relevant business records.

24.     In the course of the audit of A/C Power's payroll records, A/C Power provided the Funds and related entities with payroll records for CA Supply.  Those records indicated that Local 24 members, who are employees of A/C Power, performed work for CA Supply during the same time period they performed work for A/C Power.

25.     Thereafter, the auditor for the Funds and related entities requested additional information related to CA Supply, and was denied the requested access.

26.     On January 25, 2019, the Funds and related entities brought Civil Action No. DKC 19-0238 in this Court to collect delinquent employee benefit contributions owed to the Funds and related entities by Defendant A/C Power.

27.     Entry of Default was entered on March 8, 2019, and a Motion for Judgment by Default in the amount of $355,462.25 is pending with this Court.

**Alter Ego and/or Parallel Corporation Liability**

28.     The business address of A/C Power was 8908 Eastern Avenue, Baltimore, Maryland 21224.  The business address of CA Supply is listed on the State Department of Assessments and Taxation as 8908 Eastern Avenue, Baltimore, Maryland 21224.

29.     The business address of A/C Power is listed on the State Department of Assessments and Taxation as 12 North Carey Street, Baltimore, Maryland 21223.  The mailing address of CA Supply is listed on the State Department of Assessments and Taxation as 12 North Carey Street, Baltimore, Maryland 21223.

30.     A/C Power performs electrical work.  Upon information and belief, CA Supply performs or performed electrical work.

31.     A/C Power operates at 12 North Carey Street, Baltimore, Maryland 21223. CA Supply operates at 12 North Carey Street, Baltimore, Maryland 21223.

32.     A/C Power and CA Supply have common office employees.

33.     At least three employees, Malik Brown, Tavon L. Cosby-Brown and Timothy Jones, work for both A/C Power and CA Supply Co.

34.     Because A/C Power and CA Supply are similar in relation to management, business purpose, operation, offices, representation and clients, CA Supply is an alter ego and/or successor or

parallel corporation to A/C Power, and is therefore bound by the terms of A/C Power's collective bargaining agreement with Local 24, is obligated to pay employee benefit contributions and remittances to the Plaintiffs and is subject to any judgment and attorneys' fees award entered against A/C Power in Civil Action No. DKC 19-0238 in the United States District Court for the District of Maryland.

## Count One

### Claim of Funds and Related Entities for Audit of CA Supply's Records

35.     Plaintiffs hereby incorporate each and every allegation set forth in paragraphs 1-34.

36.     Because CA Supply is the alter ego and/or successor or parallel corporation to A/C Power, CA Supply is obligated to submit to the Funds and Related Entities' audit of CA Supply's payroll records and to cooperate with the Funds and Related Entities' auditor pursuant to the Trustees' authority to audit a contributing employer at any time when the circumstances dictate such action in accordance with the provisions of the Agreements and Declarations of Trust that govern the Funds and Related Entities and the Audit Policy of the Funds and Related Entities.

37.     CA Supply has failed and refused to respond to a request from the Funds and Related Entities' auditor demanding that CA Supply submit to an audit of its payroll records; has failed and refused to provide the Funds and Related Entities' auditor with any relevant business records; and has failed and refused to respond to all attempts to schedule an audit, in violation of the terms of the applicable Agreements and Declarations of Trust.

38.     As an alter ego of A/C Power, CA Supply is obligated to pay the attorneys' fees, auditor fees and court costs incurred by the Funds and Related Entities pursuant to the Agreements and Declarations of Trust and section 502(g)(2)(D) of ERISA, 29 U.S.C. § 1132(g)(2)(D).

39.     As an alter ego of A/C Power, CA Supply is liable to Plaintiffs for any amounts awarded by the Court in favor of the Plaintiffs and against A/C Power, in Civil Action No. DKC 19-0238.

40.     Upon completion of the audit, CA Supply, as an alter ego of A/C Power, is obligated to pay the employee benefit contributions and remittances identified in the auditor's payroll audit report as due and owing, as well as liquidated damages, interest, and attorneys' fees and costs, as permitted pursuant to the terms of the Agreements and Declarations of Trust and section 502(g) of ERISA, 29 U.S.C. § 1132(g).

WHEREFORE, Plaintiffs pray:

a.     That CA Supply be ordered to provide access to its books and records within ten (10) days of the date of judgment permitting the Funds and Related Entities to conduct a payroll audit, and in the absence of such records, provide alternative methods for the determination of work for which contributions are due;

b.     That CA Supply be ordered to pay, within ten (10) days of the completion of the audit, all unpaid contributions and remittances included in the payroll audit report, along with liquidated damages and interest in an amount to be determined as required by the applicable Agreements and Declarations of Trust and section 502(g) of ERISA, 29 U.S.C. § 1132(g);

c.     That CA Supply be ordered to pay all attorneys' fees, auditor fees and court costs;

d.     That Plaintiff Funds and Related Entities be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e.     And, further, that such other relief be granted as this Court deems just and proper.


May 10, 2019                                    /s/ Corey Smith Bott
Date                                            Corey Smith Bott
                                                Bar No. 25673

/s/ Shauna Barnaskas
Shauna Barnaskas
Bar No. 16755
Abato, Rubenstein and Abato, P.A.
809 Gleneagles Court, Suite 320
Baltimore, Maryland 21286
(410) 321-0990
Attorneys for Plaintiffs